David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard St., Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendants
THE HOWARD HUGHES CORPORATION,
THE SHOPS AT SUMMERLIN NORTH, LP, and
ELK GROVE TOWN CENTER, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGAL CINEMAS, INC., <br><br>          Plaintiff, <br><br>     v. <br><br> THE SHOPS AT SUMMERLIN NORTH, LP; ELK GROVE TOWN CENTER, L.P.; THE HOWARD HUGHES CORPORATION and DOES 1-50, inclusive, <br><br>          Defendants. | No. <br><br> [Removed from the California Superior Court for the County of Sacramento, Case No. 34-2016-00202518] <br><br> **NOTICE OF REMOVAL** <br><br> Compl. filed: October 28, 2016 <br> Trial date:   None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants The Howard Hughes Corporation ("HHC"), The Shops at Summerlin North, LP ("The Shops"), and Elk Grove Town Center, L.P. ("EGTC") (collectively, "Defendants") hereby remove the state court action described below from the California Superior Court for the County of Sacramento to the United States District Court for the Eastern District of California.

## I.   BACKGROUND

**A.   Procedural Background**

1. On or about October 28, 2016, Plaintiff Regal Cinemas, Inc. ("Plaintiff") commenced an action again Defendants in the California Superior Court for the County of Sacramento, entitled *Regal Cinemas, Inc. v. The Shops at Summerlin North, L.P., et al.*, as case number 34-2016-00202518 (the "Action"). True and correct copies of the Summonses and Complaint, and all other documents served on Defendants, are attached as Exhibit A.

2. HHC and EGTC were served with the Summons and Complaint on November 8, 2016. The Shops was subsequently served with the Summons and Complaint on November 10, 2016. True and correct copies of the Notices of Service of Process on these entities are attached as Exhibit B.

**B.   The Complaint**

3. The Complaint alleges six causes of action: (1) Breach of Contract (Summerlin Lease); (2) Breach of Contract (Elk Grove Lease); (3) Breach of Implied Contract; (4) Breach of Covenant of Good Faith and Fair Dealing; (5) Intentional Misrepresentation; (6) Negligent Misrepresentation; and (7) Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200 *et seq*.

4. The causes of action in the Complaint derive from business dealings between Plaintiff and Defendants. Specifically, Plaintiff alleges that it negotiated a package deal for leases for two motion picture theaters that Defendants were to construct—one in in Elk Grove, California and another in Summerlin, Nevada. Complaint ¶ 7. Plaintiff claims it did not want the lease for the Summerlin location, but it entered into the package deal to obtain the lease for the Elk Grove location. *Id.* ¶¶ 7, 12. Defendants constructed the Summerlin theater, and Plaintiff

accepted occupancy. *Id.* ¶ 7. However, Defendants allegedly delayed construction of the more desirable Elk Grove theater and evaded Plaintiff's attempts to move the project forward, now claiming that performance is "impossible" because of the increased costs. *Id.*¶¶ 7, 17.

5. The remedies sought by Plaintiff include, *inter alia*, damages, reimbursement, disgorgement, specific performance, equitable relief, and attorney's fees. Complaint Prayer.

## II. GROUNDS FOR REMOVAL

**A.    The Court Has Jurisdiction Over This Action**

6. Under 28 U.S.C. §§ 1332, 1441, and 1446, this Court has original jurisdiction over any action in which (1) the notice of removal has been filed within thirty days of service of the Complaint on the first-served defendant; (2) there is complete diversity of citizenship between the plaintiff and defendants; (3) no defendant is a citizen of California; (4) the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants satisfy each of these requirements, and this Action therefore may be removed pursuant to 28 U.S.C. § 1441(b).

**a.    The Notice of Removal is Timely**

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of service of the Summons and Complaint on HHC and EGTC, the first-served Defendants, on November 8, 2016. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

**b.    Complete Diversity Exists Between The Parties.**

8. Plaintiff is a Tennessee corporation with its principal place of business in Tennessee. *See* Complaint ¶ 1. Thus, for diversity purposes, Plaintiff is a citizen of Tennessee. *See* 28 U.S.C. § 1332(c)(1).

9. HHC is a Delaware corporation with its principal place of business in Texas. *See* Complaint ¶ 2. Thus, for diversity purposes, HHC is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

10. The Shops is a limited partnership organized and existing under the laws of the State of Delaware. Complaint ¶ 3. The Shops' general partner is Summerlin North GP, LLC ("Summerlin North"), which is a Delaware limited liability company. The Shop's limited partner is Summerlin Centre, LLC ("Summerlin Centre"), which is a Delaware limited liability company. The sole member for both Summerlin North and Summerlin Centre is The Howard Hughes Company, LLC ("THHC, LLC"), which is a Delaware limited liability company. THHC, LLC's sole member is The Hughes Corporation ("THC"), which is a Delaware corporation. THC's sole shareholder is The Howard Research and Development Corporation ("HRD"), which is a Maryland corporation. HRD's sole shareholder is HHC. Each of these entities has its principal place of business in Texas. Accordingly, The Shops is a wholly owned subsidiary of HHC. *See id.* ¶ 5. Thus, for diversity purposes, The Shops is a citizen of Delaware, Texas and Maryland, the states where its partners are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (the citizenship of a limited partnership depends on the citizenship of its members).

11. EGTC is a limited partnership organized and existing under the laws of the State of Delaware. Complaint ¶ 4. EGTC's general partner is Elk Grove Town Center L.L.C., which is a Delaware limited liability company. EGTC's limited partner is HRD, which is a Maryland corporation. HRD's sole shareholder is HHC. Each of these entities has its principal place of business in Texas. Accordingly, EGTC is a wholly owned subsidiary of HHC. *See id.* ¶ 5. Thus, for diversity purposes, EGTC is a citizen of Delaware, Texas and Maryland, the states where its partners are citizens. *See Carden*, 494 U.S. at 195.

12. None of the Defendants are citizens of California.

**c.     The Amount In Controversy Requirement Is Satisfied.**

13. The Complaint does not expressly state the amount in controversy. Where, as here, a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *accord Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1063 (11th Cir. 2010) (noting that the court "found no case

in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy").

14.     Here, the amount in controversy is easily satisfied because it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.  Plaintiff alleges that Defendants purported to terminate the Elk Grove Lease, which Plaintiff claims requires that Defendants reimburse Plaintiff for costs incurred by Plaintiff in connection with preparation of construction plans for the Elk Grove theater.  Complaint ¶¶ 29, 30.  Plaintiff claims that it "spent hundreds of thousands of dollars on engineering, architectural and other fees" in preparation for construction plans for the Elk Grove theater.  *Id.* ¶ 20.  Plaintiff claims that Defendants have failed to reimburse Plaintiff for these costs and is seeking reimbursement in this Action.  *Id.* ¶ 30 & Prayer.

15.     In addition to the "hundreds of thousands of dollars" sought in reimbursements, Plaintiff seeks economic damages, reimbursement, disgorgement, specific performance, equitable relief, and attorney's fees.  Complaint ¶ 20 & Prayer.  Thus, there is no question that the amount in controversy is satisfied.

    **d.     Defendants Have Satisfied All Other Requirements For Removal.**

16.     <u>Intradistrict Assignment</u>.  Pursuant to 28 U.S.C. § 1441(a), assignment to the United States District Court for the Eastern District of California is proper because Plaintiff filed this Action in the Superior Court of California for the County of Sacramento.

17.     <u>Attachment of Pleadings</u>.  Pursuant to 28 U.S.C. § 1446(a), Defendants hereby provide this Court with true and correct copies of all process, pleadings, and orders served on Defendants in this Action, attached as Exhibit A.  Defendants have not received any pleadings, process or orders besides those attached.

18.     <u>Joinder.</u>  Pursuant to 28 U.S.C. § 1446(b), all properly joined and served defendants join in and consent to removal of this Action to this Court.

19.     <u>Notice to State Court/Plaintiff</u>.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with the Superior Court a Notice to Plaintiff of Removal to

Federal Court.  Pursuant to Federal Rule of Civil Procedure 5(d), Defendant will also file with this Court a Certificate of Service of its Notice to Plaintiff.

**B.     Non-Waiver of Defenses**

20.     Defendants expressly reserve all of their defenses. By removing the Action to this Court, Defendants do not waive any rights or defenses available under federal or state law. Defendants expressly reserve the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendants hereby remove the above-entitled case to this Court.

DATED:  December 2, 2016          **PERKINS COIE LLP**

By: */s/ Julie E. Schwartz*
      Julie E. Schwartz

Attorneys for Defendants
THE HOWARD HUGHES
CORPORATION, THE SHOPS AT
SUMMERLIN NORTH, LP, and ELK
GROVE TOWN CENTER, L.P.