# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Allen W. Hubsch (SBN 136834); Donald A. Miller (SBN 228753)<br>LOEB & LOEB LLP<br>10100 Santa Monica Boulevard, Suite 2200<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 282-2000    FAX NO.: (310) 282-2200<br>ATTORNEY FOR *(Name):* Plaintiff Regal Cinemas, Inc. | FILED<br>Superior Court Of California,<br>Sacramento<br>10/28/2016<br>frodasky<br>By _____ , Deputy<br>Case Number:<br>**34-2016-00202518** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Sacramento**
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Main Courthouse - Gordon D. Schaber Courthouse

CASE NAME: REGAL CINEMAS, INC., v. THE SHOPS AT SUMMERLIN NORTH, LP; ELK GROVE TOWN CENTER, L.P.; THE HOWARD HUGHES CORPORATION and DOES 1-50, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☒ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

4. Number of causes of action *(specify):* (1) Breach of Contract; (2) Breach of Contract; (3) Breach of Implied Contract; (4) Breach of Covenant of Good Faith and Fair Dealing; (5) Intentional Misrepresentation; (6) Negligent Misrepresentation; (7) Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2016

Donald A. Miller
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Form Adopted for Mandatory Use Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

F I L E D   B Y   F A X

*CSL*

# SUMMONS ON COMPLAINT
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE SHOPS AT SUMMERLIN NORTH, LP; ELK GROVE TOWN CENTER,
L.P.; THE HOWARD HUGHES CORPORATION and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REGAL CINEMAS, INC.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California,
Sacramento
10/28/2016
frodasky
By_____, Deputy
Case Number:
**34-2016-00202518**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>County of Sacramento<br>720 Ninth Street<br>Sacramento, CA 95814<br>Gordon D. Schaber Courthouse | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Allen W. Hubsch (SBN 136834); Donald A. Miller (SBN 228753)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067; Tel: (310) 282-2000; Fax: (310) 282-2200

| DATE: *(Fecha)* **OCT 2 8 2016** | Clerk, by *(Secretario)* **F. RODASKY** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Howard Hughes Corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/8/16

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

*C S C*

SUM-100

# SUMMONS ON COMPLAINT
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE SHOPS AT SUMMERLIN NORTH, LP; ELK GROVE TOWN CENTER,
L.P.; THE HOWARD HUGHES CORPORATION and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REGAL CINEMAS, INC.

FILED
Superior Court Of California,
Sacramento
10/28/2016
frodasky
By _____ , Deputy
Case Number:
34-2016-00202518

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
County of Sacramento
720 Ninth Street
Sacramento, CA 95814
Gordon D. Schaber Courthouse

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Allen W. Hubsch (SBN 136834); Donald A. Miller (SBN 228753)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067; Tel: (310) 282-2000; Fax: (310) 282-2200

DATE: **OCT 2 8 2016**
*(Fecha)*

Clerk, by **F. RODASKY** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ELK Grove Town Center, LP
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):* 415.95 a business entity form
   unknown
4. ☒ by personal delivery on *(date):* 11/8/16


[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# SUMMONS ON COMPLAINT
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE SHOPS AT SUMMERLIN NORTH, LP; ELK GROVE TOWN CENTER, L.P.; THE HOWARD HUGHES CORPORATION and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REGAL CINEMAS, INC.

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> FILED
> Superior Court Of California,
> Sacramento
> 10/28/2016
> frodasky
> By _____ , Deputy
> Case Number:
> 34-2016-00202518

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
County of Sacramento
720 Ninth Street
Sacramento, CA 95814
Gordon D. Schaber Courthouse

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Allen W. Hubsch (SBN 136834); Donald A. Miller (SBN 228753)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067; Tel: (310) 282-2000; Fax: (310) 282-2200

DATE: **OCT 2 8 2016**          Clerk, by **F. RODASKY**          , Deputy
*(Fecha)*                       *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LOEB & LOEB LLP
ALLEN W. HUBSCH (SBN 136834)
ahubsch@loeb.com
DONALD A. MILLER (SBN 228753)
dmiller@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff
Regal Cinemas, Inc.

FILED
Superior Court Of California,
Sacramento

10/28/2016
frodasky

By _____ , Deputy

Case Number:
**34-2016-00202518**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| REGAL CINEMAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE SHOPS AT SUMMERLIN NORTH, LP; ELK GROVE TOWN CENTER, L.P.; THE HOWARD HUGHES CORPORATION and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:** <br><br> (1) **Breach of Contract (Summerlin Lease);** <br><br> (2) **Breach of Contract (Elk Grove Lease);** <br><br> (3) **Breach of Implied Contract;** <br><br> (4) **Breach of Covenant of Good Faith and Fair Dealing;** <br><br> (5) **Intentional Misrepresentation;** <br><br> (6) **Negligent Misrepresentation; and** <br><br> (7) **Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.*** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

F I L E D

B Y

F A X

Plaintiff Regal Cinemas, Inc. ("Regal") alleges as follows:

## PARTIES

1.     Plaintiff Regal is a corporation organized and existing under the laws of the State of Tennessee.

2.     Regal is informed and believes that Defendant The Howard Hughes Corporation ("THHC") is a corporation organized and existing under the laws of the State of Delaware.

3.     Regal is informed and believes that Defendant The Shops at Summerlin North LP ("Summerlin LP") is a limited partnership organized and existing under the laws of the State of Delaware.

4.     Regal is informed and believes that Defendant Elk Grove Town Center, L.P. ("Elk Grove LP") is a limited partnership organized and existing under the laws of the State of Delaware.

5.     Regal is informed and believes that THHC is the direct or indirect owner of all of the outstanding equity interests in Summerlin LP and Elk Grove LP and in such capacity manages and directs their affairs in its discretion as part of a common business enterprise. Regal is informed and believes that Summerlin LP and Elk Grove LP are single-asset entities that have no employees of their own. Regal is informed and believes, and on that basis alleges, that Defendants Summerlin LP and Elk Grove LP are subsidiaries, agents, common enterprises and/or alter egos of THHC.

6.     Regal does not know the true names and capacities of defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint, if necessary, to allege the true names and capacities of DOES 1 through 50, inclusive, when they are ascertained. Regal is informed and believes, and on that basis alleges that each of the fictitiously named defendants is responsible for and caused in some manner the injuries alleged herein. Whenever in this Complaint any allegation is made against defendants or any of them, it shall be deemed alleged against DOES 1 through 50, inclusive, as well.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

1

COMPLAINT

## GENERAL ALLEGATIONS

7.     Regal is the victim of a classic bait-and-switch by Defendants. Defendants promised Regal leases for two newly-constructed motion picture theatres. Regal was interested in only one of the locations. Defendants required a package deal, which Regal reluctantly accepted. Regal has signed and performed the lease for the less desirable location. Defendants constructed the less desirable theatre, and Regal has accepted occupancy. Defendants have delayed construction of the more desirable theatre, and now claim that performance is "impossible" simply because of increased construction costs due to inflation.

8.     Regal is informed and believes, and on that basis alleges, that in or about 2012 Defendants were seeking tenants for two proposed motion picture theatre leases. One was in Summerlin, Nevada, a suburb of Las Vegas. The other was in Elk Grove, California, a suburb of Sacramento.

9.     Regal is informed and believes, and on that basis alleges, that several operators were interested in a lease for the Elk Grove, California location, but Defendants experienced substantial difficulty finding a tenant to lease the Summerlin, Nevada location.

10.     The proposed lease for the Summerlin location was and is for a small theatre with only 5 screens, located about 2,000 feet from an existing 17-screen theatre operated by Regal. Regal had no desire to lease a small theatre in such close proximity to its existing theatre.

11.     Plaintiff is informed and believes, and on that basis alleges, that other operators were reluctant to lease a theatre so close to a large pre-existing theatre. For its part, Regal had no particular reason to lease a theatre so close to its own pre-existing theatre.

12.     In 2012, Defendants induced Regal to accept a lease for the Summerlin location by promising Regal a lease for the Elk Grove location. On or about June 6, 2012, Defendants and Regal simultaneously signed two letters of intent concerning the theatres

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

in Summerlin and Elk Grove (the "Letters of Intent"). The Letters of Intent were substantially identical, both contemplating construction of new theatres at new multi-tenant retail shopping centers owned by Defendants. They were signed at the same time and by the same executive officer of Defendant The Howard Hughes Corporation. The only meaningful differences between the letters concerned the sizes and the locations of the two theatres, which affected other aspects of the agreements, such as rent, all as set forth in detail in the respective Letters of Intent.

13.     Once the Letters of Intent had been signed, Defendants insisted on negotiating the Summerlin theatre lease first, and Regal cooperated. In December 2013, Regal and Defendants entered into a written lease for the Summerlin theatre. In the Summerlin lease, the parties recognized their obligations in connection with the lease for the Elk Grove theatre:

> LANDLORD and TENANT acknowledge a connection
> between this Lease and a lease to be developed with TENANT
> as tenant and an affiliate of LANDLORD as the landlord for *a*
> *theatre to be developed* at Elk Grove Promenade (the "Elk
> Grove Theatre") in Elk Grove, Sacramento County, California
> (the "Elk Grove Lease"), with the Elk Grove Lease similar to
> this Lease and *with the terms of the Elk Grove Lease based on*
> *the June 6, 2012 letter of intent*. (Emphasis added.)

14.     The parties also agreed that Defendants would "work diligently" to complete the Elk Grove Theatre so that Regal would have the benefit of the Elk Grove Lease:

> TENANT'S rights to the execution and implementation of the
> Elk Grove Lease shall continue unabated, *with LANDLORD*
> *contractually obligated to TENANT* to work diligently to bring
> about the timely execution and implementation of the Elk Grove
> Lease. (Emphasis added.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

15. Based on the foregoing agreement, Defendants were legally obligated to timely execute and implement the Elk Grove Lease.

16. The foregoing provisions of the Summerlin lease adopted and formalized the terms of the Letter of Intent related to the Elk Grove location, and established all of the material terms of the Elk Grove Lease. The foregoing provisions confirmed that the Elk Grove Lease would be in the same form as the Summerlin Lease, and would reflect the terms in the June 6, 2012 letter of intent for the Elk Grove Lease. As used herein, the term "Elk Grove Lease" has the same meaning as in the Summerlin Lease – i.e., the theatre lease for Elk Grove, California which Defendants promised to Regal in writing in the text of the Summerlin lease.

17. Over the next several years, Defendants delayed the construction start date of the Elk Grove Theatre, and evaded Regal's attempts to move the project forward.

18. At one or more times, Defendants informed Regal that the construction start date would not occur until economic conditions improved.

19. At other times, Defendants informed Regal that the construction start date would occur soon. On those occasions when Defendants claimed that construction would start soon, Defendants insisted that Regal prepare and submit to the City of Elk Grove detailed construction plans at Regal's expense in order to accommodate Defendants' pending construction start date.

20. In response to Defendants' requests, Regal spent hundreds of thousands of dollars on engineering, architectural and other fees in reliance upon its contractual right to the Elk Grove Lease and Defendants' statements and actions.

21. Regal reasonably relied upon Defendants' repeated statements about the existence of a binding contractual obligation and Defendants' representations that construction would occur.

22. The Elk Grove Lease required that Defendants "apply for and use diligent effort" to obtain all construction permits and other development approvals for the theatre and the common areas of the retail center. Defendants delayed obtaining zoning approvals

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

4
COMPLAINT

1  and construction permits for the Elk Grove Theatre and common areas from 2012 to 2016.
2  Regal is informed and believes, and on that basis alleges, that such approvals and permits
3  have not been issued.  By such delaying, Defendants breached the covenant to use diligent
4  effort to obtain such approvals and permits.

5       23.    The Elk Grove Lease required that Defendants use "diligent effort" to
6  procure at least one formal bid for the theatre construction of no more than $175 per square
7  foot.  Defendants delayed construction of the Elk Grove Theatre from 2012 to 2016, during
8  which time construction prices have increased, a problem of Defendants' own causing.  By
9  such delaying, Defendants breached the covenant to use diligent effort to procure at least
10  one formal bid for the theatre construction of no more than $175 per square foot.

11       24.    The Elk Grove Lease required that Defendants use "diligent efforts" to cause
12  letters of intent and/or leases for at least two sit-down restaurants and at least 55% of the
13  total leasable area of the retail center to be executed, but in any event before
14  commencement of the theatre construction work.  Regal is informed and believes, and on
15  that basis alleges, that Defendants failed to diligently pursue or obtain letters of intent
16  and/or leases for sit-down restaurants or for other leasable areas of the Elk Grove center.
17  Regal is informed and believes, and on that basis alleges, that no such letters of intent or
18  leases were signed at any time between 2012 and 2016.  Defendants breached the covenant
19  to use diligent efforts to cause letters of intent and/or leases for at least two sit-down
20  restaurants and at least 55% of the total leasable area of the retail center to be executed.

21       25.    The Elk Grove Lease required that Defendants obtain formal construction
22  bids after all zoning approvals and construction permits for the theatre had been issued.  If
23  none of the formal construction bids or offers obtained by Defendants was for less than
24  $175 per square foot, then Regal would have up to 180 calendar days after receipt of all
25  three formal bids to negotiate cost reductions with the contractors, by agreeing, for
26  example, to reduce the quality of materials at the theatre.  Instead, in late 2015, after
27  delays caused solely by Defendants lasting more than three years, during which
28  construction costs had increased as a result of inflation, Defendants solicited bids from

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

5
COMPLAINT

general contractors. Because no construction start date was imminent, general contractors were unable or unwilling to provide their best bids. Likewise, general contractors were unable or unwilling to spend the substantial time and money required to negotiate or meaningfully discuss cost reductions. Regal was denied its contractual right to meaningfully negotiate cost reductions to achieve the contemplated budget. Defendants breached the covenant requiring Defendants to obtain bids after zoning approvals and construction permits had been issued. Defendants breached the covenant requiring Defendants to allow Regal a meaningful opportunity to negotiate cost reductions.

26. Even though Regal had and has no obligation to do so, Regal advised Defendants that Regal would consider paying an increased rent to pay a portion of the increased construction costs, if any. However, in or about 2016, Defendants claimed that Defendants could no longer afford to construct the theatre within the contemplated budget. They claimed that the Elk Grove Lease could no longer be performed because of "impossibility." But these excuses are merely a ruse to force Regal to renegotiate the Elk Grove Lease because Defendants do not like the deal to which they have already committed. Regal is similarly informed and believes, and on that basis alleges, that Defendants have negotiated or are negotiating with another operator for a theatre lease at the Elk Grove location.

27. Defendants also wrongfully purported to impose new terms and conditions on the Elk Grove Lease, including without limitation a condition that the Elk Grove Lease either was not effective or would not become effective until approved by the Board of Directors of Defendant The Howard Hughes Corporation. Defendants breached the Elk Grove Lease by purporting to impose new terms.

28. By letters dated July 7 and July 29, 2016, Regal requested written confirmation of Defendants' contractual obligation to bring about the timely completion of the Elk Grove Theatre and implementation of the Elk Grove Lease.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

6
COMPLAINT

29. In response to Regal's letters, Defendants wrongfully purported to terminate the Elk Grove Lease. Defendants breached the Elk Grove Lease by wrongfully purporting to terminate it.

30. The Elk Grove Lease requires that, if Defendants terminate the lease, Defendants would reimburse Regal for costs incurred by Regal in connection with preparation of construction plans for the Elk Grove Theatre. Defendants have failed to reimburse Regal for such costs.

## FIRST CAUSE OF ACTION FOR BREACH OF SUMMERLIN LEASE

### (Against all Defendants and Does 1 through 50, Inclusive)

31. Regal re-alleges and incorporates herein by reference the allegations of all of the preceding paragraphs as though fully set forth here.

32. Regal and Defendants entered into the Summerlin Lease as a binding contract.

33. Regal has fully performed all or substantially all of the obligations on its part to be performed under the Summerlin Lease prior to the date hereof, and is ready, willing and able to perform its remaining obligations under the Summerlin Lease.

34. Regal has met all other conditions under the Summerlin Lease required for Defendants' performance.

35. Defendants have breached the Summerlin Lease in a number of ways, including but not limited to:

    a. By failing to work diligently to bring about the timely implementation of the Elk Grove Lease as required under Section 5.02(g).

    b. By failing to timely procure zoning approvals and construction permits.

    c. By failing to procure letters of intent and leases for other tenants of the retail center.

    d. By failing to secure bids or offers for construction of the Elk Grove Theatre within the time period or periods required.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

1           e.     By failing to use diligent efforts to procure at least one such bid or

2 offer for construction of the Elk Grove Theatre within the contemplated budget.

3           f.     By failing to allow Regal an opportunity to negotiate cost reductions.

4           g.     By purporting to impose new terms.

5           h.     By purporting to terminate the Elk Grove Lease in violation of

6 Defendants' contractual obligations.

7           i.     By threatening to negotiate or by actually negotiating a lease for the

8 Elk Grove Theatre with another operator.

9           j.     By failing to reimburse Regal for costs incurred in connection with

10 preparation of construction plans.

11      36.    Regal was harmed by Defendants' breach of the Summerlin Lease and

12 suffered and will suffer economic damages in an amount to be proved at trial.

13 **SECOND CAUSE OF ACTION FOR BREACH OF ELK GROVE LEASE**

14 **(Against all Defendants and Does 1 through 50, Inclusive)**

15      37.    Regal re-alleges and incorporates herein by reference the allegations of all of

16 the preceding paragraphs as though fully set forth here.

17      38.    Regal and Defendants entered into the Elk Grove Lease as a binding

18 contract.

19      39.    Regal has fully performed all or substantially all of the obligations on its part

20 to be performed under the Elk Grove Lease prior to the date hereof, and is ready, willing

21 and able to perform its remaining obligations under the Elk Grove Lease.

22      40.    Regal has met all other conditions under the Elk Grove Lease required for

23 Defendants' performance.

24      41.    Defendants have breached the Elk Grove Lease in a number of ways,

25 including but not limited to:

26           a.     By failing to work diligently to perform Defendants' obligations

27 under the Elk Grove Lease.

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

**8**
COMPLAINT

1    b.  By proposing and insisting on terms and conditions for lease of the

2 Elk Grove Theatre wholly inconsistent with the terms of the Elk Grove Lease.

3    c.  By failing to timely procure zoning approvals and construction

4 permits.

5    d.  By failing to procure letters of intent and leases for other tenants of

6 the retail center.

7    e.  By failing to timely secure formal bids or offers for construction of

8 the Elk Grove Theatre.

9    f.  By failing to secure bids or offers for construction of the Elk Grove

10 Theatre within the time period or periods required.

11    g.  By failing to use diligent efforts to procure at least one such bid or

12 offer for construction of the Elk Grove Theatre within the contemplated budget.

13    h.  By failing to allow Regal an opportunity to negotiate cost reductions.

14    i.  By purporting to impose new terms.

15    j.  By purporting to terminate the Elk Grove Lease in violation of

16 Defendants' contractual obligations.

17    k.  By threatening to negotiate or by actually negotiating a lease for the

18 Elk Grove Theatre with another operator.

19    l.  By failing to reimburse Regal for costs incurred in connection with

20 preparation of construction plans.

21   42.  Regal was harmed by Defendants' breach of the Elk Grove Lease and

22 suffered and continues to suffer economic damages in an amount to be proven at trial.

23   **THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED CONTRACT**

24   **(Against all Defendants and Does 1 through 50, Inclusive)**

25   43.  Regal re-alleges and incorporates herein by reference the allegations of all of

26 the preceding paragraphs as though fully set forth here.

27   44.  In the event the finder of fact concludes that the Elk Grove Lease was not an

28 enforceable written contract, an implied contract exists between Defendants and Regal,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

9

COMPLAINT

which was created by the statements, representations and conduct of Defendants, upon which Regal reasonably relied to its detriment.

45. As described in paragraph 44 herein, Defendants have breached this implied contract.

46. Regal was harmed by Defendants' breach of the Elk Grove Lease, and suffered and continues to suffer economic damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

**(Against all Defendants and Does 1 through 50, Inclusive)**

47. Regal re-alleges and incorporates herein by reference the allegations of all of the preceding paragraphs as though fully set forth here.

48. Every contract contains an implied covenant of good faith and fair dealing, which precludes either party from doing anything to destroy or injure the right of a counter party to receive the fruits of the contract.

49. By delaying the construction of the Elk Grove Theatre, Defendants breached their duty of good faith and fair dealing. By delaying, Defendants directly or indirectly caused construction costs to increase. Defendants then used their own delay, and the natural consequences of the delay, as an excuse to wrongfully terminate the Elk Grove Lease. Although Regal was not responsible for the delay, and had no obligation to contribute its own funds to pay a portion of the purported increased costs, Regal offered to pay an increased rent to pay a portion of the increased construction costs, if any. Defendants wrongfully disregarded and rejected Regal's offer to contribute and wrongfully purported to terminate the Elk Grove Lease.

50. Defendants' wrongful actions have unfairly interfered with Regal's right to receive the benefits of the Elk Grove Lease.

51. Regal was harmed by Defendants' interference, and suffered and continues to suffer economic damages in an amount to be proven at trial.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

COMPLAINT

# FIFTH CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

## (Against all Defendants and Does 1 through 50, Inclusive)

52.    Regal re-alleges and incorporates herein by reference the allegations of all of the preceding paragraphs as though fully set forth here.

53.    Defendants represented to Regal that if Regal executed a lease for the Summerlin location (a less desirable location), then Defendants would execute and implement a lease with Regal for the Elk Grove location (a more desirable location). Defendants also represented to Regal at various times that construction of the Elk Grove Theatre was imminent. Defendants' representations were false.

54.    Defendants either knew that the representations were false when they made them, or Defendants made such representations recklessly and without regard for their truth.

55.    In making these representations, Defendants intended that Regal rely upon them to induce Regal to continue spending time, money, and effort on developing the Elk Grove Theatre.

56.    Regal reasonably relied on these representations, and Regal was unaware, despite diligence and care, of their falsity, or of the facts constituting the misrepresentations.

57.    Regal would not have relied upon Defendants and would have considered changing its business relationship with Defendants if the true facts and circumstances had been disclosed to Regal.

58.    Regal was harmed by Defendants' intentional misrepresentations, and suffered and continues to suffer damages in an amount to be proven at trial. Regal's reliance on Defendants' intentional misrepresentations was a substantial factor in causing such harm. For example, Regal has expended significant amounts of money in actual and justifiable reliance on Defendants' misrepresentations and material omissions.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

11

COMPLAINT

## SIXTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

### (Against all Defendants and Does 1 through 50, Inclusive)

59. Regal re-alleges and incorporates herein by reference the allegations of all of the preceding paragraphs as though fully set forth here.

60. Defendants represented to Regal that if Regal executed a lease for the Summerlin location (a less desirable location), then Defendants would execute and implement a lease with Regal for the Elk Grove location (a more desirable location). Defendants also represented to Regal at various times that construction of the Elk Grove Theatre was imminent. Defendants' representations were false.

61. Defendants made such negligent misrepresentations without reasonable grounds for believing they were true.

62. By making this misrepresentations, Defendants intended for Regal to rely upon them, and thereby to induce Regal to continue spending time, money, and effort on developing the Elk Grove Theatre.

63. Regal reasonably relied on these representations, and Regal was unaware, despite diligence and care, of their falsity, or of the facts constituting the misrepresentations.

64. Regal would not have relied upon Defendants and would have considered changing its business relationship with Defendants if the true facts and circumstances had been disclosed to Regal.

65. Regal was harmed by Defendants' negligent misrepresentations, and suffered and continues to suffer damages in an amount to be proven at trial. Regal's reliance on Defendants' negligent misrepresentations was a substantial factor in causing such harm. For example, Regal has expended significant amounts of money in actual and justifiable reliance on Defendants' misrepresentations and material omissions.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

12
COMPLAINT

## SEVENTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

### (Against all Defendants and Does 1 through 50, Inclusive)

66.    Regal re-alleges and incorporates herein by reference the allegations of all of the preceding paragraphs as though fully set forth here.

67.    California Business and Professions Code sections 17200, *et seq.* (the "Unfair Competition Law") prohibit business practices that are unfair, unlawful and/or fraudulent.

68.    As set forth above, Defendants have engaged in unfair and unlawful conduct, which has deprived Regal of the use and benefit of the Elk Grove Theatre. Defendants have improperly and unlawfully taken advantage of Plaintiff's good will and trust.

69.    As a direct and proximate result of Defendants' conduct alleged herein, Regal has been damaged and continues to suffer damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Regal prays for judgment as follows:

1.    For general, compensatory and consequential damages to be proven at trial;

2.    For reimbursement of costs incurred in connection with preparation of construction plans for the Elk Grove Theatre;

3.    For prejudgment interest at the highest legal rate;

4.    For costs of suit and attorneys' fees incurred in connection herewith;

5.    For a declaration of Regal's rights under the Summerlin Lease, the Elk Grove Lease and/or the parties' implied contract regarding the Elk Grove Theatre;

6.    For specific performance of Defendants' obligation to execute and implement the Elk Grove Lease and/or the parties' implied contract regarding the Elk Grove location, including Regal's right to possession of a theatre at the Elk Grove location;

7.    For an order enjoining Defendants from negotiating or executing a theatre lease for the Elk Grove location with any party other than Regal; and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

8. For any other legal and equitable relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Regal hereby demands a trial by jury on all triable issues.

Dated: October 28, 2016

LOEB & LOEB LLP
ALLEN W. HUBSCH
DONALD A. MILLER

By:
Allen W. Hubsch
Attorneys for Plaintiff Regal Cinemas, Inc.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10879599.1
227650-10001

14
COMPLAINT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET | |
| MAILING ADDRESS: 720 Ninth STREET | |
| CITY AND ZIPCODE: Sacramento, CA 95814-1311 | |
| BRANCH NAME: Gordon D Schaber Courthouse | |
| PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE: Regal Cinemas, Inc. vs. The Shops at Summerlin North, L |
|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR | CASE NUMBER: 34-2016-00202518-CU-BC-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 05/04/2017 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/31/2016

Gerrit W. Wood, Judge of the Superior Court